United States District Court
Southern District of Texas
**ENTERED**
May 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATASHA HILL, on behalf of Herself and all others situated, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 18-01194 Adversary No. 16-03235 |
| ATLAS ACQUISITIONS, LLC, and AVI SCHILD | | |
| Defendants | | |

**ORDER CONDITIONALLY CERTIFYING CLASS
AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

The parties in this class action have reached a proposed settlement, and pursuant to the joint motion filed on _____, 2019, they seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Lawsuit and Proposed Settlement. The motion came on for hearing on May 3, 2019 at 9:30 p.m. Plaintiff appeared by counsel Karen L. Kellett, Theodore O. Bartholow, III. Defendants appeared by counsel Manuel H. Newburger, Stephen W. Sather, and Barbara M. Barron. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

I. This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") that has been filed in this case and all terms in this order shall have the same meaning as set forth in the Agreement.

The Agreement is attached to Docket Entry __ as **Appendix 1**, and is incorporated herein by reference.

2. The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under FED. R. CIV. P. 23. The Court further preliminarily finds that the Parties have shown that the Court will likely be able to approve the settlement pursuant to FED. R. CIV. P. 23(e)(2) and certify the class for purposes of judgment on the proposed settlement. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that because of information obtained in discovery and in an almost twenty-hour mediation that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations. Finally, it appears to the Court that the Agreement is fair, reasonable, and adequate after considering all of the other factors set forth in FED. R. CIV. P. 23(e)(2).

3. A hearing ("Fairness Hearing") shall be held before this Court on August 30, 2019 at 9:00 A.m. in Courtroom 8C in the United States Courthouse for the Southern District of Texas, 515 Rusk Avenue, Houston, TX 77002, to

determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should grant final approval to the payments to the named plaintiff and the class; and the amount of attorney fees and costs to be awarded to Class Counsel Karen L. Kellett, Theodore O. Bartholow, III, Caitlyn N. Wells, Megan F. Clontz, Thomas Black, Alex Higginbotham, and Joe Moore.

    4.    The Court hereby approves, as to form and content, the proposed "Notice of Class Action Lawsuit and Proposed Settlement" ("Notice") that is **Exhibit C** to **Appendix 1** to Docket Entry *6*. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

    5. For purposes of effectuating the settlement, the Court preliminarily certifies a Settlement Class consisting of both the FDCPA Class and the Injunction Class as defined in the Agreement.

The following persons, assuming that they otherwise meet the class definition, are excluded from the settlement class:

    a. any person who is already subject to an existing signed general release that covers Atlas Acquisitions, LLC or Avi Schild;

    b. any person who is deceased as of the date of preliminary certification; and

    c. any class member who timely mails a request for exclusion.

6. For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Natasha Hill as the class representative for the settlement Class, and the following attorneys of record are appointed as Class Counsel: Karen L. Kellett, Theodore O. Bartholow, III, Caitlyn N. Wells, Megan F. Clontz, Thomas Black, Alex Higginbotham, and Joe Moore.

7. The Class Notice shall be distributed to the Class as provided for in Section 2.1 of the Agreement. To accomplish that distribution, or before May 13, 2019, Defendants shall provide the class list to Avi Schild, which is appointed as class administrator.

8. Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by Aug 9, 2019. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendants postmarked no later than Aug 16, 2019, which is two (2) weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and the

last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9. Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than Aug 9, 2019, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendants a written notice of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11. Any such notice of objections shall include:

(1) a statement of each objection being made;
(2) a detailed and specific description of the facts underlying each objection;
(3) a detailed and specific description of the legal authorities underlying each objection;
(4) whether the objection applies only to you, to a specific subset of either class, or to the entire FDCPA Class or Injunction Class;
(5) a statement of whether the objector intends to appear at the Final Fairness Hearing;
(6) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
(7) a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12. Unless otherwise agreed by both Defendants and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendants, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendants arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case. This injunction shall terminate as to any individual class member upon the receipt by Class Counsel and Defendants' counsel of a request for exclusion from the Class by any such individual member.

14. This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any alleged liability, fault, or wrongdoing by Defendants; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated

for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to this action.

IT IS SO ORDERED.

Dated: __MAY 0 3 2019__

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE