United States District Court
Southern District of Texas
**ENTERED**
August 30, 2019
David J. Bradley, Clerk

## N THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| NATASHA HILL, on behalf of Herself and all others situated, § § § | |
| Plaintiffs, § § | |
| v. § § | Case No. 18-01194 |
| ATLAS ACQUISITIONS, LLC, and AVI SCHILD § § § | Adversary No. 16-03235 |
| Defendants § § | |

## FINAL ORDER AND JUDGMENT

On August 30, 2019, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In November 2017, after arms-length negotiations and a mediation lasting over nineteen hours, Plaintiff and Defendants reached a tentative settlement resulting in a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On February 20, 2019, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On or about March 1, 2019, within ten days of filing the proposed settlement with the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

On May 3, 2019, the Court heard the Parties' Preliminary Approval Motion.

On May 3, 2019, upon consideration of the Parties' Preliminary Approval

Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Natasha Hill as the Class Representative; (iv) appointed Karen L. Kellett, Theodore O. Bartholow, III, Caitlyn N. Wells, Megan F. Clontz, Thomas Black, Alex Higginbotham, and Joe Moore as Class Counsel; and (v) set the date and time of the Final Fairness Hearing.

On August 23, 2019, Plaintiff filed her motion for final approval of class action settlement (hereinafter referred to as the "Final Approval Motion").

On August 30, 2019, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>CLASS MEMBERS</u>. Pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3), the Lawsuit is hereby finally certified as a class action, and the Court hereby finally certifies the FDCPA Class described in the Agreement pursuant to FED. R. CIV. P. 23(b)(3) and the Injunction Class described in the Agreement pursuant to FED. R. CIV. P. 23(b)(2). Notwithstanding the definitions of the FDCPA Class and the Injunction Class in the Agreement, the following persons, assuming that they otherwise meet the class definition, will be excluded from the settlement class:

    a. any person who is already subject to an existing signed general release that covers Atlas Acquisitions, LLC or Avi Schild;

    b. any person who is deceased as of the date of preliminary certification; and

    c. any class member who timely mailed a request for exclusion.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff Natasha Hill as the Class Representative and Karen L. Kellett, Theodore O. Bartholow, III, Caitlyn N. Wells, Thomas Black, Alex Higginbotham, and Joe Moore as Class Counsel for the Class Members.

4. <u>NOTICES AND CLAIM FORMS</u>. Class action notices were mailed to Class Members as provided by the Agreement. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the

requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5. <u>FINAL CLASS CERTIFICATION</u>. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(a), namely:

    a. the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. the claims of the Plaintiff are typical of the claims of the Class Members;

    d. the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

The Court finds that the Injunction Class satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(b)(2), in that Defendants have acted or refused to act on grounds that apply generally to the Injunction Class, so that final injunctive relief is appropriate respecting the class as a whole.

The Court finds that the FDCPA Class satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(b)(3), namely: Questions of law and fact common to FDCPA Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects

fundamentally fair, reasonable, adequate, and in the best interest of the Class Members pursuant to the factors set forth in FED. R. CIV. P. 23(e)(2), especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and the limited amount of any potential total recovery for the Class.

7. SETTLEMENT APPROVAL. The Agreement, which is on file in this case as Docket No. 21-1 shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. Defendants are enjoined from filing claims which do not comply with Fed. R. Bankr. P. 3001(c)(1).

8. The parties are ordered to perform their respective obligations under the Agreement, and Defendant shall pay the settlement funds due to Plaintiff Natasha Hill by October 1, 2019, shall deliver to First Class, Inc., which is hereby appointed as the Settlement Administrator, the funds to be delivered to the class no later than October 1, 2019, and shall deliver $15,000 to the National Consumer Bankruptcy Rights Center no later than October 1, 2019. Defendants shall also pay Class Counsel a total of $ 240,000.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended. Such fees and expenses shall be paid according to the schedule set forth in the Agreement.

11. OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. Khalid Paden and Clarence Jackson are the only Class Members who made valid and timely requests for exclusion, are excluded

from the class and settlement and are not bound by this Order.

12. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order and as set forth in the Agreement.

14. Plaintiff, the Class Members, and all their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for their claims for Class Counsel's attorneys' fees, costs and expenses awarded in this Order and provided for in the Agreement.

15. With the exception of the foregoing injunction all other claims in this Action are hereby dismissed with prejudice, save and except for Defendants' obligation to pay Class counsel's fees, costs and expenses awarded in this Order. The claims of the Class for such fees, costs and expenses shall not be released until Class Counsel has been paid in the full the amount awarded by this Order.

16. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

17. The Court takes judicial notice of the order entered in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Misc. Proc. 16-00302, Docket No. 226, and the findings referenced therein.

18. The Court shall retain jurisdiction over the administration of this

Order and the Agreement and may use its equitable powers to enforce the Order and the Agreement.

IT IS SO ORDERED.
Dated: August 30, 2019.

_____
HON. ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE